# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS KANE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>IOWA SUPREME COURT,<br><br>　　　　Respondent. | No. C13-4042-MWB<br><br>**ORDER** |

　　　　The matter before the court is the petitioner's writ of mandamus, which the clerk's office properly construed as an application for a writ of habeas corpus.[1] The petitioner filed such application on May 9, 2013. Also before the court is the petitioner's application to proceed in forma pauperis and application for appointment of counsel. The petitioner filed those applications on May 30, 2013.

　　　　The petitioner previously sought an application for a writ of habeas corpus in the United States District Court for the Southern District of Iowa, that is, the district where he is confined and the district where he was convicted. And, on at least two occasions, *see Kane v. State of Iowa*, Case # 4:00-cv-10547-REL (S.D. Iowa 2000); *Kane v. State of Iowa*, Case # 4:97-cv-90496 (S.D. Iowa 1997), the United States District Court for the Southern District of Iowa informed the petitioner that he is unable to challenge his first-degree murder conviction and life sentence unless he receives permission to file a second

---

[1] A writ of mandamus is a writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly. The district courts of the federal judiciary are separate from the courts of the State of Iowa. Therefore, the court is unable to grant a writ of mandamus with respect to the Iowa Supreme Court.

or successive application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(b)(3)(A).[2] Rather than transfer the petitioner's application for a writ of habeas corpus to the United States District Court for the Southern District of Iowa, the court shall dismiss without prejudice the petitioner's application for a writ of habeas corpus and shall deny as moot the petitioner's application to proceed in forma pauperis and application for appointment of counsel.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application for a writ of habeas corpus (docket no. 1) is dismissed without prejudice.

(2) The petitioner's application to proceed in forma pauperis (docket no. 2) is denied as moot.

(3) The petitioner's application for appointment of counsel (docket no. 3) is denied as moot.

**DATED** this 9th day of July, 2013.

*/s/ Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.